MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff Clara Manchester

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CLARA MANCHESTER, AN INDIVIDUAL, on behalf of herself and all others similarly situated;<br><br>            Plaintiff,<br><br>    vs.<br><br>PANERA, LLC, A DELAWARE LIMITED LIABILITY CORPORATION;  ,<br><br>            Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, MINIMUM WAGE VIOLATIONS, FAILURE TO INDEMNIFY,  UNPAID WAGES, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CLARA MANCHESTER, alleges:

## JURISDICTION

1.      This Court has jurisdiction under the Class Action Fairness Act.  29 U.S.C. § 1332(d).  Plaintiff is a citizen on California and Defendant is not.  The amount of class damages are well in excess of $5,000,000.  For 5,000 employees being unpaid for 4 hours each quarter at $15/hr is $3,600,000.  For 300 miles each quarter, the damages are $13,200,000.  For 5,000 employees being forced to work through 1 meal break each week at $15/hr damages are $15,600,000.

## VENUE

2.      This Court is the proper court and this action is properly filed in the County

1  of Stanislaus and in this judicial district because Defendants do business in the County of

2  Stanislaus, and because Defendants' obligations and liabilities arise therein, and because

3  the work that was performed by Plaintiff in the County of Stanislaus is the subject of this

4  action.

5  **PARTIES**

6  3.   Plaintiff CLARA MANCHESTER ("MANCHESTER") was employed by

7  Defendant from December 1, 2009 through the present.

8  4.   Defendant PANERA, LLC ("PANERA") is a Delaware Limited Liability

9  Corporation doing business in the County of Stanislaus, State of California.

10  **GENERAL ALLEGATIONS**

11  5.   MANCHESTER is employed by PANERA as a "Baker."

12  6.   PANERA is a large retail bakery chain that has hundreds of locations within

13  California.

14  7.   MANCHESTER is an hourly employee who uses the company's time

15  recording system to report her hours.

16  8.   PANERA has a company wide policy requiring all hourly employees to

17  attend mandatory company meetings.

18  9.   These meetings take place approximately once a quarter.

19  10.   The employees are paid for 2 hours of work for attending the meetings, but

20  are not paid for any drive time to/from the meetings.

21  11.   The meetings are located far from the employees' regular work location.

22  12.   Many times the employees would drive from work to the meeting location.

23  13.   The drive to the meeting location was never part of the employee's normal

24  daily commute.

25  14.   PANERA had a company wide policy that meal breaks had to be taken by the

26  employees.

27  15.   The only time employees would miss meal breaks is when they were not able

28  to take one due to the working conditions at that time.

COMPLAINT FOR LABOR VIOLATIONS

16.     Plaintiff routinely took meal breaks, but approximately once a week it was impossible for her to take the breaks because the workload was too high.  She did not take the break because she was not permitted to take one.

17.     Class Members were all subject to the same policy for meal breaks.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3).

19.     The "Class Members" are all hourly employees who worked within the State of California after November 3, 2011.

20.     The hourly employees generally worked at a specific store location.

21.     PANERA would then schedule a meeting at a remote location.

22.     If the employee had worked more than 6 hours the day of the meeting, PANERA would record the two hours as worked on a different day, so as not to incur overtime.

23.     The Class Members were not paid for the travel time to the meeting.

24.     The Class Members were not reimbursed for their mileage.

25.     The Class Members took breaks when breaks were provided, but were not able to take all required breaks.

26.     Any breaks not taken were not provided to the Class Members.

27.     The Class Members would travel between stores and were not paid for this time, nor reimbursed for the travel.

28.     Company records exist for people who attended the meetings and traveled to different store locations.

29.     Plaintiff proposes the following Class which will be referred to as the "Hourly Class:"

     All hourly employees of PANERA who performed work within the
     State of California after November 3. 2011.

30.     This action has been brought and may properly be maintained as a class

COMPLAINT FOR LABOR VIOLATIONS

1 action under Rule 23 because there is a well-defined community of interest in the litigation

2 and the proposed class is easily ascertainable.

3     31.     A Class Action is a superior method for bringing this action in that there is a

4 well defined community of interest in the questions of law and fact. Questions of law and

5 fact common to the class action include, but are not limited to:

6          a. Whether travel to the company meetings needs to be paid for.

7          b. Whether the company has a policy of denying employees meal breaks

8     32.     Plaintiff and the Class Action Plaintiffs are similarly situated, have

9 substantially similar job duties, have substantially similar pay provisions, and are all subject

10 to Defendants' illegal labor violations.

11     33.     The claims of the Plaintiff are typical of those of the class, and plaintiff will

12 fairly and adequately represent the interests of the class.

13     34.     The persons of this class are so numerous that the joinder of all such persons

14 is impracticable and that disposition of their claims in a class action rather than in

15 individual actions will benefit the parties and the Court. While the precise number of

16 proposed class members has not yet been determined, Plaintiff is informed and believes that

17 Defendants currently employ, and during the relevant time periods employed, over 5000

18 putative class members.

19     35.     The prosecution of separate actions by individual members of the Class

20 would create the risk of inconsistent and varying adjudications, establishing incompatible

21 standards of conduct for Defendants.

22     36.     The questions of law and fact common to the members of the Class

23 predominate over any questions affecting only individual member, including legal and

24 factual issues relating to liability and damages.

25     37.     Class action treatment will allow those similarly situated person to litigate

26 their claims in the manner that is most efficient and economical for the parties and the

27 judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in

28 the management of this action that would preclude its maintenance as a class action.

COMPLAINT FOR LABOR VIOLATIONS

38. In the event that the Court determines at the notice stage or anytime thereafter that all plaintiffs and members of the class action, are not "similarly situated," the definition may be modified or narrowed, and/or appropriate subclasses may be established based on business unit or otherwise.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE**

**(AGAINST PANERA )**

39. Plaintiff refers to and incorporates by reference Paragraphs 1 through 38.

40. This cause of action is brought against PANERA .

41. This cause of action is brought on behalf of the Hourly Class.

42. Pursuant to Cal. Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

43. While employed by Defendants, Plaintiff was not paid at least the minimum wage for all hours worked.

44. Plaintiff was not paid the proper minimum wage by Defendants for at least one pay period within the three (3) years prior to initiating this lawsuit.

45. Defendants know or should know the pay periods in which minimum wage was not paid as well as the amount of underpaid wages.

46. Under California Labor Code, Plaintiff is to recover the minimum wage for all hours worked.

47. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount in excess of $5,000,000, and subject to proof at time of trial.

48. This claims is for minimum wage during the travel time to meetings. Because it carries liquidated damages, for many of the hourly employees, the minimum wage plus liquidated damages will be more than their regular hourly rate of pay.

49. This is also for minimum wage for time spent driving between store locations.

50. Pursuant to Labor Code §§ 218.6, 1194, and California Code of Regulations,

1  Title 8, §11050, Plaintiff is entitled to recover damages for the nonpayment of the minimum

2  wage for all hours worked, interest, reasonable attorney's fees and costs of suit.

3       51.    Pursuant to Labor Code § 1194.2, Plaintiff is entitled to recover an additional

4  amount equal to the unlawfully unpaid wages as liquidated damages.  As such, Plaintiff

5  prays for an additional amount of $5,000,000.

6                          **SECOND CAUSE OF ACTION**

7       **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

8    **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR**

9                                   **CODE**

10                           **(AGAINST PANERA )**

11      52.    Plaintiff refers to and incorporate  by reference Paragraphs 1 through 51.

12      53.    This cause of action is brought against PANERA .

13      54.    This cause of action is brought on behalf of the Hourly Class.

14      55.    Pursuant to Industrial Welfare Commission Order No. 5-2001, California

15  Code of Regulations, Title 8, § 11050, for the period of Plaintiff's employment, Defendants

16  were required to compensate Plaintiff for all overtime, which is calculated at one and one-

17  half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or

18  forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in

19  excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the

20  seventh consecutive work day in a week.

21      56.    Plaintiff worked more than eight (8) hours in a single workday or forty (40)

22  hours in a single workweek on numerous occasions.

23      57.    Plaintiff was entitled to the above overtime premiums.

24      58.    In particular, PANERA had a company wide policy that the mandatory

25  meetings would not be recorded on days that would trigger overtime.

26      59.    That is, if an employee had already worked 6 or more hours in a day in which

27  he or she attended a company meeting, PANERA would record that employees attendance

28  as being on a different day, so that it would not trigger daily overtime.

COMPLAINT FOR LABOR VIOLATIONS

60. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

61. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

62. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

63. Plaintiff MANCHESTER worked at least one pay period in which she was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

64. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

65. As a proximate result of Defendants' violations, Plaintiff MANCHESTER has been damaged in an amount in excess of $200 and subject to proof at time of trial.

66. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11050, Plaintiff MANCHESTER is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER

### CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS

### AND CALIFORNIA LABOR CODE SECTION 512

### (AGAINST PANERA )

67. Plaintiff refers to and incorporate by reference Paragraphs 1 through 66.

68. This cause of action is brought against PANERA .

69. This cause of action is brought on behalf of the Hourly Class.

70. Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, § 11050, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

COMPLAINT FOR LABOR VIOLATIONS

71.     Defendants failed to provide Plaintiff a meal period for numerous days worked.

72.     Defendants know or should know the dates for each missed meal period as well as the damages due.

73.     Defendants failed to provide Plaintiff at least one meal period within the three (3) years prior to filing this lawsuit.

74.     Pursuant to Labor Code § 226.7 and California Code of Regulations, Title 8, § 11050, Plaintiff MANCHESTER is entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

75.     Plaintiff MANCHESTER prays for damages for missed meals in an amount subject to proof at time of trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

### UNDER LABOR CODE SECTION 226

### (AGAINST PANERA )

76.     Plaintiff refers to and incorporate by reference Paragraphs 1 through 75.

77.     This cause of action is brought against PANERA .

78.     This cause of action is brought on behalf of the Hourly Class.

79.     Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

80.     Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

81.     Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

82.     In particular, the missing information is the record of the hours worked in driving to various PANERA locations for work.

83.     Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

COMPLAINT FOR LABOR VIOLATIONS

84.     Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY EMPLOYEES UNDER LABOR CODE SECTION 2802

## (AGAINST PANERA )

85.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 84.

86.     This cause of action is brought against PANERA .

87.     This cause of action is brought on behalf of the Hourly Class.

88.     Plaintiff incurred reasonable and necessary business expenses during her employment with Defendant.

89.     Plaintiff was required to driver her vehicle to various company locations for company business and was not reimbursed for this cost.

90.     Plaintiff was not properly reimbursed for all reasonable and necessary business expenses and thus incurred a loss as a direct consequence of the discharge of her duties.

91.     Defendants are required to indemnify Plaintiff against all losses and expenses incurred in the discharge of her duties or in response to her employer's orders, as provided in Cal. Lab. Code § 2802.

92.     Plaintiff prays for reimbursement for all losses and expense under this Cause of Action in an amount subject to proof at time of trial, reasonable costs, interest, and attorney fees.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

## CODE SECTION 17200

## (AGAINST PANERA )

93.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 92.

94.     This cause of action is brought against PANERA .

95.     By failing to pay the agreed wage for all hours worked, Defendant's acts

1  constitute unfair and unlawful business practices under Business and Professions Code §

2  17200, et seq.

3    96.    By failing to pay overtime premiums, Defendants' acts constitute unfair and

4  unlawful business practices under Business and Professions Code § 17200, et seq.

5    97.    By failing to provide adequate meal and rest breaks, Defendants' acts

6  constitute unfair and unlawful business practices under Business and Professions Code §

7  17200, et seq.

8    98.    By failing to pay at least the minimum wage, Defendants' acts constitute

9  unfair and unlawful business practices under Business and Professions Code § 17200, et

10  seq.

11    99.    By failing to indemnify for all reasonable or necessary losses or expense,

12  Defendants' acts constitute unfair and unlawful business practices under Business and

13  Professions Code § 17200, et seq.

14    100.    Plaintiff MANCHESTER prays for restitution under this Cause of Action in

15  an amount subject to proof at time of trial.

16    **SEVENTH CAUSE OF ACTION**

17    **FAILURE TO PAY WAGES**

18    **(AGAINST PANERA )**

19    101.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 100.

20    102.    This cause of action is brought against PANERA .

21    103.    Plaintiff  was entitled to their hourly wage for all hours worked.

22    104.    Defendants did not pay Plaintiff  her normal hourly rate for all hours worked.

23    105.    Defendants know or should know the actual dates of prevailing wage jobs

24  worked, the amount of hours worked, and the rate of pay due.

25    106.    Pursuant to Labor Code §§ 218.5, 218.6, 510, 1194 and California Code of

26  Regulations, Title 8, § 11160, Plaintiff is entitled to recover damages for the nonpayment of

27  prevailing wage, penalties, interest, plus reasonable attorney's fees and costs of suit.

28

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff MANCHESTER in an amount in excess of $200 and subject to proof at trial.

2. Damages for minimum wage not paid to Plaintiff MANCHESTER in an amount in excess of $5,000,000 and subject to proof at trial.

3. Liquidated Damages for minimum wage not paid to Plaintiff MANCHESTER in an amount in excess of $5,000,000 and subject to proof at trial.

4. All unpaid loses or expenses in an amount subject to proof at trial.

5. Damages for meal premiums not paid to Plaintiff MANCHESTER in an amount subject to proof at trial.

6. For damages and penalties under Labor Code § 226 for Plaintiff MANCHESTER in an amount subject to proof at trial.

7. For restitution and disgorgement for all unfair business practices against Plaintiff MANCHESTER in an amount subject to proof at trial.

8. For prejudgment and post judgment interest.

9. Cost of suit.

10. Attorneys' fees.

11. For such other and further relief as the court may deem proper.


DATED: November 3, 2015                    LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
Clara Manchester

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: November 3, 2015        LAW OFFICES OF MICHAEL TRACY

By: _____

MICHAEL TRACY, Attorney for Plaintiff
Clara Manchester

COMPLAINT FOR LABOR VIOLATIONS